[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14717
Non-Argument Calendar

_____

D.C. Docket No. 5:99-cr-00029-WTH-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD LEE BARTLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 12, 2013)

Before MARTIN, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Edward Bartley, appearing *pro se*, appeals the district court's denial of his

motion for a reduction of sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). After

review of the record and the parties' briefs, we affirm.

On August 4, 2000, Mr. Bartley pled guilty to possessing cocaine base with intent to distribute in violation of 18 U.S.C. § 841(a)(1). The pre-sentence investigation report ("PSI") indicated that Mr. Bartley's total offense level was 25 based upon the quantity of cocaine base (23.5 grams) as well as adjustments for accepting responsibility and assisting authorities by providing timely and complete information. Mr. Bartley, however, qualified as a career offender under U.S.S.G. § 4B1.1, which subjected him to an enhanced offense level of 31 and a sentencing guideline range of 188 to 235 months' imprisonment. The district court sentenced Mr. Bartley to 211 months' imprisonment.

On August 23, 2012, Mr. Bartley filed a § 3582(c)(2) motion for a sentence reduction based on Amendment 750 to the Sentencing Guidelines and the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2374 (2010). The district court denied Mr. Bartley's motion because he was sentenced "as a career offender pursuant to U.S.S.G. § 4B1.1, and as such, his applicable sentencing guideline range is not affected by Amendment 750." D.E. 72 at 1. *See also* D.E. 74 (holding that Fair Sentencing Act did not apply to Mr. Bartley's case). This appeal followed.

"In a § 3582(c)(2) proceeding, 'we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines.'" *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). Under § 3528(c)(2),

2

a district court may reduce the terms of a defendant's imprisonment if the sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. If, however, "a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *Moore*, 541 F.3d at 1330.

In this case, Mr. Bartley was not eligible for a reduced sentence because he was sentenced as a career offender under § 4B1.1. His sentencing guidelines remained unchanged because § 4B1.1 was not affected by Amendment 750. *See id.* at 1327 (holding that defendants sentenced as career offenders under § 4B1.1 are not entitled to sentence reductions based on an amendment to the base offense levels for crack cocaine offenses in § 2D1.1). Mr. Bartley is also not entitled to relief under the Fair Sentencing Act for two reasons. First, the Fair Sentencing Act is not a guidelines amendment by the Sentencing Commission and, therefore, cannot be the basis for a sentence reduction under § 3582(c)(2). *See United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012). Second, Mr. Bartley was sentenced before the effective date of the act, which is not retroactively applicable to him. *See id.* ("We agree with every other circuit to address the issue that there is 'no evidence that Congress intended [the FSA] to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment.'") (citation

3

omitted). *See also United States v. Hippolyte*, ___ F.3d ___, ___, 2013 WL 978695, at *5 (11th Cir. Mar. 14, 2013) (same). Therefore, the district court correctly denied Mr. Bartley's § 3582(c)(2) motion.

**AFFIRMED**.